UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LEON C. FORD,

                              Petitioner,                    9:05-CV-1043
                                                                         (GLS)(DRH)

      v.

T.R. CRAIG, Warden, FCI Ray Brook,

                              Respondent.
_____

APPEARANCES:

LEON C. FORD
Petitioner, *pro se*

GARY L. SHARPE, DISTRICT JUDGE

## MEMORANDUM-DECISION and ORDER

**I.    Introduction**

The Clerk has sent to the Court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241") from Leon C. Ford. Petitioner is presently confined at the Federal Correctional Institution in Ray Brook, New York.

In his habeas petition, Petitioner states that on September 14, 2000, he was sentenced in the United States District Court for the Western District of Pennsylvania upon his plea of guilty to a single count indictment charging him with conspiracy to distribute controlled substances. Dkt. No. 1 at 2.[1] On September 14, 2000, Petitioner was sentenced to a term of one hundred sixty months imprisonment. *Id.*

According to Petitioner, the sentence imposed violated the terms of the plea

---

[1] In addition to completing the form petition for use on § 2241 habeas corpus petitions, petitioner submitted a copy of a § 2241 petition which he appears to have filed in the United States District Court for the Western District of Pennsylvania in July, 2005. That petition, which contains a more detailed statement of petitioner's claims, is referred to herein as the supplemental petition.

agreement. Petitioner also claims that his constitutional rights were violated by his counsel's failure to file a notice of appeal from the convictions and sentence.

On October 27, 2000, Petitioner filed a motion in state court seeking additional time to file a notice of appeal from his conviction and sentence. *Id.* at ex. at 7. Petitioner's request was denied on October 31, 2000. *Id.*

Petitioner sought relief from his conviction and sentence by motion filed in the Western District of Pennsylvania pursuant to 28 U.S.C. § 2255. According to petitioner, that motion was denied on February 26, 2001. The Order denying petitioner's § 2255 motion noted that petitioner failed to pursue his claims regarding the allegedly improper sentence enhancement on direct appeal and that he failed to establish prejudice as a result of the alleged error. *Id.* at ex. at 5.

According to Petitioner, he did not raise his counsel's failure to file a notice of appeal in the § 2255 motion. *Id.*

## II. Discussion

### A. Section 2255 and Section 2241

A prisoner in custody under sentence of a federal court who wishes to collaterally attack the validity of his conviction or sentence may file a motion in the sentencing court pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255; *Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *Chambers v. United States,* 106 F.3d 472, 474 (2d Cir. 1997). That right, however, is not unlimited. Rather, § 2255 contains a gatekeeping provision that limits a petitioner's ability to file a second or successive § 2255 motion. The statute provides, in pertinent part, that

> [a] second or successive motion must be certified as

> provided in section 2244 by a panel of the appropriate court of appeals to contain--
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

By contrast, a petition pursuant to 28 U.S.C. § 2241 is the proper means to challenge the execution of a sentence. *Adams*, 372 F.3d at 134; 28 U.S.C. § 2241. For example, a § 2241 petition may be used to challenge computation of a sentence by federal officials, parole decisions, or prison disciplinary actions. *See Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). A federal prisoner may generally not seek relief from his conviction or sentence pursuant to a § 2241 petition.

### B. Section 2255's Savings Clause

There is an exception to the bar against a federal prisoner using a § 2241 petition to collaterally attack a federal conviction. Pursuant to the so-called "savings clause" of § 2255, a federal prisoner may seek relief under § 2241 if he can show that his remedy under § 2255 is "inadequate or ineffective to test the validity of his detention." 28 U.S.C. § 2255; *see Triestman v. United States*, 124 F.3d 361 (2d Cir. 1997).

The § 2255 "savings clause" was discussed at length by the Second Circuit in *Triestman*. The Circuit cautioned that the remedy provided by the savings clause is narrow, and exists solely "to preserve habeas corpus for federal prisoners in those extraordinary instances where justice demands it." *Triestman*, 124 F.3d at 378

(citations omitted). This interpretation of § 2255's savings clause limits habeas relief to those circumstances where § 2255's remedy is unavailable and the "failure to allow for collateral review would raise serious constitutional questions." *Triestman*, 124 F.3d at 377.[2] Therefore, where a petitioner claims that the § 2255 remedy is not available, and also asserts a claim of actual innocence that can be proved upon the existing record and could not have been asserted earlier, § 2255's savings clause allows for habeas review. *See Poindexter v. Nash*, 333 F.3d 372, 378 (2d Cir. 2003); *see also Cephas v. Nash*, 328 F.3d 98, 104 (2d Cir. 2003).[3]

### C. Petitioner's claims

The claims asserted by Petitioner in support of his petition clearly challenge the imposition of his sentence, and not the execution thereof. Dkt. No. 1. Thus, as Petitioner recognizes, his remedy lies with § 2255, unless he can establish his right to

---

[2] Courts which have addressed this issue have concluded that § 2255's remedy is not inadequate or ineffective in most situations. *See, e.g.*, *Love v. Menifee*, 333 F.3d 69, 73-74 (2d Cir. 2003) (§ 2255's remedy is not unavailable because the Supreme Court has not made a new rule of constitutional law retroactive to cases on collateral review); *Jiminian*, 245 F.3d at 147-48 (§ 2255 remedy is not inadequate or ineffective merely because the petitioner is unable to meet the gatekeeping requirement for permission to file a second or successive § 2255 motion); *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (§ 2255's remedy is not inadequate and ineffective simply because the petitioner allowed the one year statute of limitations to expire); *Triestman*, 124 F.3d at 376 (procedural barriers to filing a § 2255 motion, without more, do not establish inadequacy or ineffectiveness); *Williams v. United States*, 481 F.2d 339, 344 (2d Cir. 1973) (the § 2255 remedy is not inadequate or ineffective for purposes of the savings clause merely because the sentencing court denied the petitioner relief on the merits of the motion).

[3] In *Cephas*, the Second Circuit reaffirmed its prediction in *Triestman* that "the types of cases raising such serious constitutional questions would be 'relatively few.'" *Cephas*, 328 F.3d at 104 (*citing Triestman*, 124 F.3d at 378). The *Cephas* Court also stated that "to date we have recognized only one: cases involving prisoners who (1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [their] claim[s] of innocence at an earlier time.'" *Id.* (quoting *Triestman*, 124 F.3d at 363) (footnote omitted).

proceed under § 2255's savings clause, thereby permitting him to bring this petition pursuant to § 2241.  Dkt. No. 1, ex. at 15-19.

The Court has carefully considered the claims asserted by Petitioner in his Petition, and finds that it affords no basis upon which this Court could conclude that § 2255's remedy would be inadequate or ineffective in addressing the legality of Petitioner's detention.[4]  While it appears that the § 2255 remedy may no longer be available to Petitioner, that alone does not establish that the remedy is inadequate or ineffective.  These claims were available to petitioner in the § 2255 proceeding and he has not provided any evidence which might excuse his failure to seek that relief from the sentencing court.  Furthermore, the Court also concludes that its determination that Petitioner is not entitled to proceed under § 2255's savings clause does not raise a "serious constitutional question."  *Love*, 333 F.3d at 73.

Based upon the foregoing, the Court finds that § 2255's savings clause does not apply to this case and this Court lacks jurisdiction to entertain Petitioner's § 2241 petition.[5]  The petition is therefore dismissed.

**III. Conclusion**

Accordingly, for the reasons set forth above, it is hereby

ORDERED**,** that the petition is dismissed without prejudice, and it is further

ORDERED. that the Clerk serve a copy of this Decision and Order on Petitioner.

---

[4] Indeed, as petitioner notes (Dkt. No. 7), the Second Circuit recently confirmed in *Campusano v. United States*, 442 F.3d 770 (2d Cir. 2006), that a claim that defense counsel failed to file a notice of appeal is properly raised by motion pursuant to § 2255.

[5] Even if the Court were to construe Petitioner's application as a second or successive § 2255 motion, the Court would lack jurisdiction over such a petition.  *See* 28 U.S.C. § 2255.

5

IT IS SO ORDERED.

Dated:  May 9, 2006
        Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge